Postal Telegraph-Cable Co. v. Kennedy.

[81 South. 644, Division B. No. 20641.]

Telegraph and Telephones. *Non-delivery of message. Mental anguish. Recovery.*

In a suit against a telegraph company for the non-delivery of a message announcing the sickness of plaintiff's wife, he cannot recover for mental anguish where he had no knowledge that the message had been sent until he arrived at home and his wife had recovered.

Appeal from the circuit court of Harrison county. Hon. A. E. Weathersby, Judge.

Suit by W. K. Kennedy against the Postal Telegraph and Cable Company. From the judgment rendered, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. N. Flowers,* for appellant.

*Estopinal & Haydon,* for appellee.

Cook, P. J., delivered the opinion of the court.

The appellee, W. P. Kennedy, in April 1918, resided in Gulfport, but was temporarily absent from his home, working at a shipyard at Mobile, Ala. He was expecting an addition to his family at any time, and about 7 o'clock in the evening of the 19th day of April his brother-in-law delivered to the appellant's agent at Gulfport a message to appellee, at Mobile, in these words, viz.: "Agnes very sick. Doctor at bedside." This message was never delivered to appellee. On the following day, the 20th of April another telegram was sent. The last telegram was received by appellee in time for him to catch a train and arrive at Gulfport in

the late afternoon of the 20th. When he arrived he was advised that his wife had given birth to four children the day before, and that all of them died soon after their birth. Appellee returned to his work at Mobile on the morning of the 22d.

It will be observed that appellee did not know that his wife was ill until the receipt of the second message. It appears that appellee could have reached the bedside of his wife twelve or fifteen hours earlier had the first message been promptly delivered. In other words, he could have been with his wife while she was passing through the agony of these abnormal births.

After giving several instructions upon the doctrine of gross negligence, the trial court instructed the jury as follows:

"The court instructs the jury for the plaintiff that if they believe from the evidence that the defendant through its agent and servants in the state of Louisiana willfully, wantonly, and negligently failed to transmit the message in question to the office of the defendant at Mobile, Ala., and that the jury further believes from the evidence that the said message on its face showed that a failure to deliver the same promptly would probably cause the plaintiff mental anguish, or if the defendant's agent at Gulfport was advised that a delay or failure to deliver said message would probably cause plaintiff to suffer such mental anguish, then the jury, in the event that they find for the plaintiff and believe from the evidence that he suffered mental anguish proximately caused by the negligence of the defendant's agents in New Orleans, La., may in assessing his damages award him such an amount as they believe from the evidence will reasonably compensate him for such mental anguish, if any, he suffered, not to exceed the sum of two thousand five hundred dollars."

It is difficult to understand how it was possible for the appellee to suffer mental anguish from the nondelivery

of a message of which he had no knowledge. He did not know that the message had been delivered to the company until he reached Gulfport. He did not know that the message had been delayed until after the agony was a thing of the past. The failure to deliver the message may make a case for the infliction of punitive damages, but this breach of duty could not, in the nature of things, authorize damages for mental anguish. The failure to deliver the first telegram doubtless spared him the agonies he would have endured.

*Reversed and remanded.*